# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ROBERT CANNON, THELMA CANNON, and GERALD CANNON | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. K19C-03-023 CLS |
| RONALD POLIQUIN, ANDRE BEAUREGARD, and BROWN SHEILS & BEAUREGARD, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: February 10, 2020
Date Decided: March 5, 2020

*Upon Defendant Ronald Poliquin's Motion for Summary Judgment*
**Denied.**

Robert Cannon, *Pro Se* Plaintiff.

Thelma Cannon, *Pro Se* Plaintiff.

Gerald Cannon, *Pro Se* Plaintiff.

Ronald G. Poliquin, Esquire, The Poliquin Firm LLC, Dover, Delaware, Attorney for Defendant Poliquin.

**SCOTT, J.**

1

Before the Court is Defendant Ronald Poliquin's Motion for Summary Judgment. For the following reasons, Defendant Poliquin's motion is DENIED.

## Background

Plaintiffs Robert Cannon, Thelma Cannon, and Gerald Cannon ("Plaintiffs") filed an action against Defendants Ronald Poliquin, Andre Beauregard, and Brown, Shiels & Beauregard LLC ("Defendants") alleging claims of Fraudulent Inducement of Contract and Legal Malpractice. Plaintiffs' claims stem from Defendants' representation of Plaintiffs in a legal matter different than the instant case.

## Parties' Assertions

Defendant Poliquin ("Defendant") has moved for summary judgment, arguing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Defendant states that Plaintiffs failed to identify and produce any expert evidence before September 18, 2019; this date was the deadline for Plaintiffs to identify an expert and produce expert reports as laid out in the Court's Trial Scheduling Order. Defendant argues that a legal malpractice claim must be supported by expert testimony and contends that Plaintiffs' failure to identify an expert witness entitles him to judgment as a matter of law.

In response, Plaintiffs point out that Count I of their Complaint alleges Fraudulent Inducement of Contract. Also, because their legal malpractice claim

alleges intentional or reckless conduct, Plaintiffs argue that their claims do not require an expert witness to state the appropriate standard of care.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[2] This Court considers all of the facts in a light most favorable to the non-moving party.[3]

## Discussion

It is well-settled that expert testimony is necessary to support a claim of legal malpractice.[4] Expert testimony is not required, however, in those cases where the attorney's mistakes are so obvious that such testimony is not required.[5] Although Plaintiffs have failed to identify an expert witness to support their claim of legal malpractice, the Court finds that the Plaintiffs did not need to do so.

---

[1] Super. Ct. Civ. R. 56(c).

[2] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).

[3] *Id.*

[4] *Lorenzetti v. Enterline*, 2012 WL 1383186, at *2 (Del. Apr. 18, 2012).

[5] *Id.*; *see also Weaver v. Lukoff*, 1986 WL 17121, at *1 (Del. July 1, 1986) ("An exception to this rule exists, however, when the professional's mistake is so apparent that a layman, exercising his common sense, is perfectly competent to determine whether there was negligence.").

3

Plaintiffs contend that an attorney is not required for their legal malpractice claim because it is based on intentional or reckless conduct. Without reaching the issue of whether or not an expert witness must testify in cases alleging intentional or reckless conduct, the Court finds that an expert witness is not required in this specific case. Under Delaware's Uniform Rules of Evidence, a witness is qualified as an expert witness if that witness's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue."[6] This case is a bench trial; thus, the Court is the trier of fact. It is unnecessary for an expert witness to provide testimony on the appropriate standard of care for an attorney because the Court knows the applicable standard of care. Accordingly, an expert witness's "specialized knowledge" will not help the trier of fact determine the appropriate standard of care for an attorney. Because an expert witness is not required for Plaintiffs' claim, Defendant has failed to show that he is entitled to judgment as a matter of law on Plaintiffs' claim for legal malpractice.

Although Plaintiffs failed to identify an expert and produce an expert report by the appropriate date, Defendant is not entirely blameless. The Court's Trial Scheduling Order required Plaintiffs to submit their expert reports by September 18, 2019.[7] Defendant Poliquin, however, did not even request an expert report from

---

[6] Del. R. Evid. 702(a).
[7] Trial Scheduling Order, June 6, 2019.

4

Plaintiffs. Defendant Beauregard and Defendant Brown, Shiels & Beauregard were the only defendants who requested expert reports from Plaintiffs.[8] Defendant Poliquin cannot cling to the fact that Plaintiffs failed to identify an expert and produce an expert report when he did not even ask Plaintiffs to do so.[9] Defendant Poliquin's actions do not entitle him to summary judgment and should not preclude Plaintiffs from calling an expert witness to testify. Thus, notwithstanding the Court's decision today, if Plaintiffs decide to call an expert witness for trial, then the parties should try to find an appropriate deadline for identification of experts and production of expert reports. If the parties cannot agree on a reasonable date for these actions, then the parties should seek leave of the Court to modify the existing Trial Scheduling Order.

Finally, Plaintiffs also filed suit against Defendant for Fraudulent Inducement of Contract. Defendant's motion for summary judgment argued only that Defendant was entitled to judgment as a matter of law because Plaintiffs failed to identify an

_____

[8] On September 20, 2019—two days after the deadline—Defendant Beauregard and Defendant Brown, Shiels & Beauregard filed their request for production of documents asking Plaintiffs to produce their expert reports. Request for Production of Documents, Sept. 20, 2019.
[9] *See Bailey v. Commercial Joint Ventures LLC*, 2013 WL 5492544, at *2 (Del. Super. Sept. 30, 2013) (finding that summary judgment was a proper remedy for a plaintiff's failure to identify an expert witness *after a proper discovery request*).

expert witness for their legal malpractice claim.[10] Defendant made no arguments regarding Plaintiffs' claim for fraudulent inducement of contract. Accordingly, Defendant has also not shown that he is entitled to judgment as a matter of law on Plaintiffs' claim for fraudulent inducement of contract.

## Conclusion

For the forgoing reasons, Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[10] Defendant's two page motion states that Defendant is entitled to judgment as a matter of law solely because Plaintiffs failed to identify an expert witness. Def. Poliquin's Mot. Summ. J.